UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CR 496 RLW / DDN |
| | ) | |
| CHRISTOPHER RYAN CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the motion ("federal discovery motion") of defendant Christopher Ryan Craig for an order compelling the United States to produce email and other communications between Assistant Missouri Prosecuting Attorney Jennifer Bartlett, federal Department of Homeland Security ("DHS") Special Agent Larry Porter, and DHS Assistant Chief Counsel Jennifer A. May. The motion seeks production of emails that occurred between August 16, 2016, and April 28, 2017. (Doc. 29). As stated below, this motion is the only one defendant did not waive in this Court on April 20, 2018. (Doc. 31).

In this federal case, on November 1, 2017, the grand jury indicted defendant Craig in one count for conspiring with others, between June 24 and July 20, 2016, to possess an amount of marijuana with the intent to distribute it, in violation of 21 U.S.C. § 846. (Doc. 1).

The dispute between defendant and the government involves a federal regulation that controls when a federal government employee may testify in a judicial proceeding. That regulation provides:

> **§ 5.44 Testimony and production of documents prohibited unless approved by appropriate Department officials.**

> (a) No employee, or former employee, of the Department shall, in response to a demand or request, including in connection with any litigation, provide oral or written testimony by deposition, declaration, affidavit, or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Office of the General Counsel, or as authorized in § 5.44(b).
>
> (b) No employee, or former employee, shall, in response to a demand or request including in connection with any litigation, produce any document or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status, unless authorized to do so by the Office of the General Counsel or the delegates thereof, as appropriate.

6 C.F.R. § 5.44. The parties refer to this regulation as the *Touhy* regulation, reflecting the holding of the Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In *Touhy*, the Supreme Court ruled that a similar government regulation was valid.

The cardinal factual premises of defendant's federal discovery motion are largely uncontested. (Doc. 32). Defendant was first charged in the Circuit Court of St. Charles County with the marijuana offense that was later charged in the federal indictment now before this Court. Before the federal indictment, in the state court case defendant sought to depose the state's witness, DHS Special Agent Porter. Agent Porter was served with a subpoena for his deposition. Both Agent Porter and the assistant prosecuting attorney assigned to the case failed to appear for the deposition. The deposition was rescheduled twice and each time Agent Porter did not appear. (Doc. 29 at 1). Defendant's instant federal discovery motion further states:

> 6. The defense made a final attempt to take SA Porter's deposition, noticing one up for April 28, 2017. Suspecting that the witness [(Porter)] was being told to outright disobey the subpoena, the defense filed a Missouri 25.04 motion[1] for the disclosure of the same communications that are the subject of this [federal discovery] motion and a notice of

---

[1] Missouri Supreme Court Rule 25.04 authorizes a Missouri court to require pretrial disclosure of material or information in a criminal case.

deposition for Jennifer May, an attorney with the Department of Homeland Security ("DHS Attorney May").

7. Shortly after serving the MO 25.04 motion and notice on the State of Missouri, APA Bartlett called defense counsel and advised him that SA Porter had a change of heart and would attend the April 28 deposition.

8. On April 28, 2017 SA Porter gave his deposition but refused to answer questions about whether anyone had told him to disobey the subpoena, saying it was all between defense counsel and DHS Attorney May.

9. Eventually the defense filed an amended MO 25.04 motion for the communications between APA Bartlett, DHS attorney May, and SA Porter and scheduled it for a hearing. The day before the hearing was to be held the state dismissed the charges against the defendant.

(*Id.* at 2).

Thereafter, on November 1, 2017, the federal grand jury issued the current indictment against defendant. On January 11, 2018, in this federal case, defendant's counsel requested from the United States the pretrial disclosure of various items of evidence. (Doc. 22). Among the items requested were the following:

30. Copies of any and all communications between the St. Charles County Prosecuting Attorney's office and Jennifer May, an attorney for the Department of Homeland Security/ICE between the dates of August 8, 2016 and April 28, 2017 and regarding either the defendant, Larry Porter, subpoenas, depositions, or Touhy regulations.

31. Copies of any and all communications between Jennifer May and witness Larry Porter between the dates of August 8, 2016 and April 28, 2017 regarding his appearance, non-appearance, compliance with subpoenas, and testimony at depositions in matters regarding the defendant.

(*Id.* at 5-6).

In January 2018, the United States Attorney's Office produced some of the items requested, but not items described in paragraphs 30 and 31. (Doc. 29 at 3). Between January and March, defendant's counsel unsuccessfully requested further information. On March 26, the government asserted "a blanket privilege for the email communications

3

between APA Bartlett, DHS attorney May, and SA Porter." (*Id.*) When further response was not made by the government, defendant filed the instant federal discovery motion. (*Id.*) The motion did two things. First, it asked the Court to order the government to produce the information described in paragraphs 30 and 31, quoted above, and it asked the Court to vacate the previously set pretrial hearing date, April 20, 2018. (*Id.*) The Court did not vacate the hearing, but kept that setting for pretrial motions, including the defendant's federal discovery motion. (Doc. 30).

During the April 20 hearing, defendant orally, voluntarily waived his right to go forward on any pretrial motion currently pending (*i.e.* Doc. 19, defendant's general oral motion to suppress arguably suppressible evidence) and giving up his right to file other pretrial motions, with the exception of his federal discovery motion. On defendant's federal discovery motion, the Court listened to the argument of counsel and directed the government to file a written response to defendant's discovery motion and to provide the subject emails to the Court for *in camera* inspection. The government filed its response on April 24, 2018. (Doc. 32).

Defendant's pending federal discovery motion is without merit. In his motion and at the April 20 hearing, defense counsel agreed that Special Agent Porter ultimately testified appropriately in his state court discovery deposition about the investigation of the alleged drug law violation. He did not testify in the deposition about the communications he received from either the state court prosecutor or the federal agency attorney about not earlier submitting to the state court case deposition.

Defendant argues, without citation to legal authority, that the agent's refusal to testify in response to the state court subpoena about his communications with the state prosecutor and the federal agency attorney, without seeking a state court protective order, was witness tampering, which, he argues generally without legal citation "is always relevant and material evidence." (Doc. 29 at 2). He argues further, "[e]ven if this conduct doesn't rise to the level of witness tampering, the intentional interference with the defense investigation is relevant and material to the defense," again without indicating why such information is relevant to this case. (*Id.* at 3).

4

In its post-hearing response to the federal discovery motion, the government explains that there are 22 pages of emails that are relevant to defendant's motion. Ten pages are emails that are dated from September 22, 2016, to April 17, 2017. These emails were provided to defendant's counsel and were not filed under seal. (Doc. 32-1). These emails were between defendant's counsel and Jennifer May, Assistant Chief Counsel for the Department of Homeland Security that employs Special Agent Larry Porter.[2] The subject matter of these disclosed emails is:

--defense counsel's continued interest in deposing Agent Porter after the failure to appear at the first deposition setting (Doc. 32-1 at 1 and 2);

--Ms. May's advising defense counsel Welch that certain federal regulations ("Touhy" regulations) "must be followed before a federal government employee can be compelled to comply with a subpoena" (*Id.* at 3);

--defense counsel's argument, without legal citation, that the regulations do not apply in criminal cases, and, if they did apply, they do not "allow him to disobey process" (*id.* at 4);

--the prospect of Agent Porter appearing for the deposition on September 23, 2016 (*id.* at 5);

--the explanation to defense counsel of what the regulations require and that, because no such compliance had occurred, the agent would not be appearing for the deposition (*id.* at 6);

--defense counsel's request for legal citation to authority that the subject regulations apply to criminal cases (*id.* at 7);

--Ms. May's explanation of and citation to legal authority for the application of the regulations to criminal cases and the ability of others to comply with them (*id.* at 8);

--defense counsel's amended notice of the deposition of Special Agent Porter (*id.* at 9);

---

[2] Being one of the correspondents, defense counsel has these emails.

--Ms. May's advice that the amended notice did not comply with the regulations (*id.* at 10); and

--defense counsel's refusal to accept Ms. May's citation to authority that the regulations apply to criminal cases and demand to be advised by Ms. May as to whether Agent Porter will respond to the deposition subpoena. (*Id.* at 11). Because defendant has received these emails, his instant federal discovery motion to produce them is moot.

The government also filed copies of 12 email documents under seal for *ex parte in camera* examination by the Court. (Doc. 33). The Court has carefully reviewed them. Without disclosing much of their contents, it is sufficient to advise that 8 of the emails contain DHS Special Agent Porter's requests for and receipt of legal guidance from DHS Assistant Chief Counsel Jennifer A. May regarding defendant Craig's endeavors to have depose Porter in the state court case and the ultimate approval of DHS for the agent to testify. Five of the emails are between Assistant Missouri Prosecuting Attorney Jennifer Bartlett and Ms. May, regarding Ms. Bartlett's request for the citation to the relevant federal regulations, Ms. May's response, Ms. Bartlett's submission of a deposition request pursuant to the regulations, Ms. May's comment on the request, and Ms. May's further response to the request for the agent to testify in the state court deposition. Two of these emails cc'd Agent Porter and one cc'd attorney Bartlett. (Doc. 33). These emails have not been disclosed to the defendant and are the subject matter of the defendant's instant motion to compel production.

For entitlement to an order of this Court to compel the government to disclose information in this federal criminal case, the defendant must show his legal entitlement to the information. *See, e.g.*, Fed. R. Crim. P. 16(d)(2)(a) (order appropriate when government fails to comply with an obligation to disclose information). In response to defendant's motion, the government argues that the undisclosed emails are privileged communications between Agent Porter and DHS Assistant General Counsel May and are irrelevant to the federal prosecution of defendant. (Doc. 32 at 2).

Keeping in mind that Agent Porter was deposed in the state case about his investigation of defendant, to the Court's perception of the reviewed emails, none of them

6

contain any information that is discoverable under the Constitution, *e.g. Brady v. Maryland*, 373 U.S. 83 (1963) (evidence favorable to the defendant); *United States v. Bagley*, 473 U.S. 667 (1985) (evidence material to the case); *Roviaro v. United States*, 353 U.S. 53 (1957) (in some cases, informant's identities), or under Federal Rules of Criminal Procedure 12.1 (regarding an alibi defense), 16 (regarding several categories of information subject to disclosure), or 26.2 (regarding a witness's statement). Therefore, the law does not require the government to disclose the subject materials. There is no need to take up the government's argument that the communications between Agent Porter and Attorney May were privileged.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Christopher Ryan Craig for an order compelling the United States to produce evidence (Doc. 29) **is denied**.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 1, 2018.